UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO.: 1:08-CR-00010-TBR

UNITED STATES v. JAVIER GASPAR,
OLIMPIA GASPAR

# JURY INSTRUCTIONS

FILED
DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

2008 SEP 30  PM 7:32

## INSTRUCTION NO. 1

### Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of the crime that the Defendants are accused of committing.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved a Defendant's guilt beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## INSTRUCTION NO. 2

### Presumption of Innocence, Burden of Proof, Reasonable Doubt

As you know, the Defendants have pled not guilty to the crimes charged in the Indictment. The Indictment is not any evidence of guilt. It is just the formal way that the Government tells a Defendant what crimes he or she is accused of committing. It does not even raise any suspicion of guilt.

Instead, a Defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that a Defendant is innocent. This presumption of innocence stays with a Defendant unless the Government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he or she is guilty.

This means that a Defendant has no obligation to present any evidence at all, or to prove to you in any way that he or she is innocent. It is up to the Government to prove that a Defendant is guilty, and this burden stays on the Government from start to finish. You must find a Defendant not guilty unless the Government convinces you beyond a reasonable doubt that he or she is guilty.

The Government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the Government has proved a Defendant guilty beyond a reasonable doubt, say so

by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

## INSTRUCTION NO. 3

### Direct and Circumstantial Evidence

You have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight you should give to either one, or says that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## INSTRUCTION NO. 4

### Aiding and Abetting

Defendant, Javier Gaspar, is charged that on or about May 18, 2006, in Warren County, Kentucky, he aided and abetted others in the crime of possession with intent to distribute or distributing cocaine base.

For you to find Javier Gaspar guilty of possession with intent to distribute or distributing cocaine base, it is not necessary for you find that he personally committed the crime. You may also find him guilty if he intentionally helped or encouraged someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find Javier Gaspar guilty of possession with intent to distribute or distributing cocaine base as an aider and abettor, you must be convinced that the Government has proved each and every one of the following elements beyond a reasonable doubt:

First:      That the crime of possession with intent to distribute or distributing cocaine base, also known as crack cocaine, was committed;

Second:   That the Defendant helped to commit the crime or encouraged someone else to commit the crime;

Third:     That the Defendant intended to help commit or encourage the crime.

The crime of possession with intent to distribute or distributing cocaine base has the following elements:

First:      That a person knowingly possessed with intent to distribute or distributed a mixture or substance containing cocaine base.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial

interest in the transaction.

Proof that the Defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the Government has proved that he was an aider and abettor, but without more it is not enough.

What the Government must prove is that the Defendant did something to help or encourage the crime with the intent that the crime be committed.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the Defendant guilty of possession with intent to distribute or distributing cocaine base as an aider and abettor.

## INSTRUCTION NO. 5

### Aiding and Abetting

Defendant, Olimpia Gaspar, is charged that on or about May 18, 2006, in Warren County, Kentucky, she aided and abetted others in the crime of possession with intent to distribute or distributing cocaine base.

For you to find Olimpia Gaspar guilty of possession with intent to distribute or distributing cocaine base, it is not necessary for you find that she personally committed the crime. You may also find her guilty if she intentionally helped or encouraged someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find Olimpia Gaspar guilty of possession with intent to distribute or distributing cocaine base as an aider and abettor, you must be convinced that the Government has proved each and every one of the following elements beyond a reasonable doubt:

First:       That the crime of possession with intent to distribute or distributing cocaine base, also known as crack cocaine, was committed;

Second:    That the Defendant helped to commit the crime or encouraged someone else to commit the crime;

Third:       That the Defendant intended to help commit or encourage the crime.

The crime of possession with intent to distribute or distributing cocaine base has the following elements:

First:       That a person knowingly possessed with intent to distribute or distributed a mixture or substance containing cocaine base.

To "possess with intent to distribute" simply means to possess with intent to deliver or

transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

Proof that the Defendant may have known about the crime, even if she was there when it was committed, is not enough for you to find her guilty. You can consider this in deciding whether the Government has proved that she was an aider and abettor, but without more it is not enough.

What the Government must prove is that the Defendant did something to help or encourage the crime with the intent that the crime be committed.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the Defendant guilty of possession with intent to distribute or distributing cocaine base as an aider and abettor.

**INSTRUCTION NO. 6**

**Separate Consideration - Multiple Defendants Charged with a Single Crime**

The Defendants have all been charged with one crime. But in our system of justice, guilt or innocence is personal and individual. It is your duty to separately consider the evidence against each Defendant, and to return a separate verdict for each one of them. For each Defendant, you must decide whether the Government has presented evidence proving that particular Defendant guilty beyond a reasonable doubt.

Your decision as to one Defendant, whether it is guilty or not guilty, should not influence your decision as to any other Defendants.

## INSTRUCTION NO. 7

### Inferring Required Mental State

Next I want to say something about proving a Defendant's state of mind.

Ordinarily, there is no way that a Defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a Defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what a Defendant said, what a Defendant did, how a Defendant acted, and any other facts or circumstances in evidence that show what was in a Defendant's mind.

You may also consider the natural and probable results of any acts that a Defendant knowingly did and whether it is reasonable to conclude that a Defendant intended those results. This, of course, is all for you to decide.

## INSTRUCTION NO. 8

### Testimony of an Informer

You have heard the testimony of Laura Chapman.  You have also heard that she received money from the Government in exchange for providing information.

The use of paid informants is common and permissible.  But you should consider Laura Chapman's testimony with more caution than the testimony of other witnesses.  Consider whether her testimony may have been influenced by what the Government gave her.

Do not convict a Defendant based on the unsupported testimony of such a witness, standing alone, unless you believe her testimony beyond a reasonable doubt.

## INSTRUCTION NO. 9

### Intoxication

Being under the influence of alcohol provides a legal excuse for the commission of a crime only if a Defendant was so intoxicated that he was unable to form the intent to commit the crime of aiding and abetting. Evidence that the Defendant, Javier Gaspar, acted while under the influence of alcohol may be considered by you, together with all the other evidence, in determining whether or not the Defendant, Javier Gaspar, did in fact have the mental state as set forth in Instruction No. 4.

If after considering the evidence of intoxication, together with all the other evidence, you have a reasonable doubt that the Defendant, Javier Gaspar, had the intent to commit the crime of aiding and abetting, then you must find the Defendant, Javier Gaspar, not guilty.

**INSTRUCTION NO. 10**

You have heard the testimony of Olimpia Gaspar.  You have also heard that before this trial she was convicted of a crime.

This earlier conviction was brought to your attention only as one way of helping you decide how believable her testimony was.  Do not use it for any other purpose.  It is not evidence of anything else.

## INSTRUCTION NO. 11

You must make your decisions based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decisions in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits and stipulations that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence your decisions in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## INSTRUCTION NO. 12

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to establish that conclusion.

## INSTRUCTION NO. 13

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

## INSTRUCTION NO. 14

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

**INSTRUCTION NO. 15**

Now I would like to say something about the notes that you have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have taken notes or not, each of you must form and express your own opinion as to the facts of the case.

You will notice that we do have an official court reporter making a record of the trial. However, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

**INSTRUCTION NO. 16**

If you decide that the Government has proved a Defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding the appropriate punishment is my job, not yours.

Your job is to look at the evidence and decide if the Government has proved a Defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 17

That concludes the part of my Instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

## INSTRUCTION NO. 18

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.  But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that – your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved a Defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 19

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find a Defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves that Defendant's guilt beyond a reasonable doubt.

To find a Defendant not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

**INSTRUCTION NO. 20**

Let me finish by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the Government has proved a Defendant guilty beyond a reasonable doubt.